## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Jeanette Etro, | |
| Plaintiffs, | Case No. 14 C 8924 |
| v. | |
| Blitt and Gaines, P.C., | Judge John Robert Blakey |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This is an action for damages under the Fair Debt Collection Practices Act. Plaintiff Jeanette Etro alleges that Defendant Blitt and Gaines, P.C. (a law firm) violated the Act when, in the course of its legal representation of Capital One Bank, Defendant instituted a wage deduction action (a type of garnishment action) against Plaintiff's employer in a judicial district where Plaintiff did not live.

Defendant has filed an amended motion to dismiss [10], arguing that it satisfied the venue requirements of the Fair Debt Collection Practices Act. This Court agrees and grants the motion for the following reasons.

## I.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint [1] in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true.

*Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.    Background

Plaintiff Jeanette Etro resides in Homewood, Illinois. Compl. [1] ¶ 13. Homewood falls within the jurisdiction of the Sixth Municipal District in Cook County. Compl. [1] ¶ 14.

On December 19, 2011, Capital One Bank, which was represented by Defendant Blitt and Gaines, P.C., sued Plaintiff in the First Municipal District in Cook County to collect certain debts. Compl. [1] ¶¶ 7-10. That case is captioned: *Capital One Bank v. Etro*, Case No. 2011 M1 179593. Compl. [1] ¶ 8; *see generally Capital One Bank* Docket Sheet [1-1].

The state court entered judgment against Plaintiff on May 10, 2012. *Capital One Bank* Docket Sheet [1-1]. Defendant, on Capitol One Bank's behalf, then instituted a wage deduction action against Plaintiff's employer to collect on the

judgment; and, on November 15, 2013, the First Judicial District issued an Affidavit for Wage Deduction.  Compl. [1] ¶¶ 23, 28; *Capital One Bank* Docket Sheet [1-1].

Plaintiff alleges that Defendant violated the venue provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a), by bringing the wage deduction action in the First Judicial District and not in the Sixth Judicial District, where she resides.  That is the only claim pled in the Complaint.[1]

## III.  Analysis

The venue provision in the Fair Debt Collection Practices Act requires creditors to bring "any legal action on a debt against any consumer … in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a).

The dispute here is narrow: Does the phrase "any legal action on a debt against any consumer" apply to wage deduction actions brought under Illinois law, thereby triggering the Fair Debt Collection Practices Act's venue requirements? Defendant argues that the wage deduction action here was a legal action against Plaintiff's employer, and not Plaintiff who is the "consumer" under Section 1692i(a). Plaintiff responds that she is the real interested party in the wage deduction action

---

[1] While theoretically Plaintiff could have invoked the venue provision of the Fair Debt Collection Practices Act to challenge the location of the initial debt collection proceedings brought against her in 2011, she failed to do so.  Instead, Plaintiff filed a Complaint in November 2014 attacking the wage deduction only.  Compl. [1] ¶ 28. As such, any attempt to amend the current Complaint to add a new claim attacking the venue of initial debt collection would be fruitless in light of the Fair Debt Collection Practices Act's one-year statute of limitations.  15 U.S.C. § 1692k(d).

and therefore that action is brought against her within the meaning of Section 1692i(a).

## A.    Statutory Interpretation

This Court begins its analysis with the plain language of the Fair Debt Collection Practices Act. *See United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). Clearly, a wage deduction action constitutes "any legal action" within the plain meaning of Section 1692i(a), but whether or not such an action is also "against any consumer" as stated in Section 1692i(a) must be determined by reference to the particularities of each state's garnishment scheme. *See, e.g.*, *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75-77 (1st Cir. 2013); *Hageman v. Barton*, No. 13 C 2522, 2014 WL 5320265, at *4-5 (E.D. Mo. Oct. 17, 2014); *McDermott v. Barton*, No. 14 C 704, 2014 WL 6704544, at *7-8 (S.D. Ill. Nov. 26, 2014); *Schuback v. Law offices of Phillip S. Van Embden*, No. 12 C 320, 2013 WL 432641, at *5 (M.D. Pa. Feb. 1, 2013); *Adkins v. Weltman, Weinberg & Reis Co.*, No. 11 C 619, 2012 WL 604249, at *3 (S.D. Ohio Feb. 24, 2012); *Pickens v. Collection Services of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001), *aff'd by*, 273 F.3d 1121 (11th Cir. 2001). The Seventh Circuit has not yet addressed this issue.

## B.    Illinois Wage Deduction Scheme

The Illinois wage deduction scheme requires "the clerk of the court in which the judgment was entered [to] issue summons against the … employer." 735 ILCS 5/12-805; *see also* 735 ILCS 5/12-701 (similar provision for the Illinois garnishment statute). Because the summons is issued against the employer, courts in this

4

Circuit—including two Courts from this District—have found that that the Illinois garnishment and wage deduction schemes are not "legal action[s] on a debt against any consumer" under the Fair Debt Collection Practices Act.[2] *Henciek v. Law Office of Keith S. Shindler, Ltd.*, No. 14 C 7149 (N.D. Ill. March 3, 2015) (Wood, J.); *Jackson v. Blitt & Gaines, P.C.*, No. 14 C 8625 (N.D. Ill. Feb. 18, 2015) (Leinenweber, J.); *Hageman*, 2014 WL 5320265, at *5; *McDermott*, 2014 WL 6704544, at *7-8.

For example, in *Hageman*, the Court explained that the employer is served with and must answer interrogatories and any wage deduction judgment is entered against the employer, not the debtor. 2014 WL 5320265, at *5 (citing 735 ILCS 5/12-805). Likewise, the Court in *McDermott* collected Illinois appellate authorities dating back to 1896 establishing that garnishment proceedings in this state are against the garnishee (Plaintiff's employer)—not the debtor (Plaintiff). 2014 WL 6704544, at *7. The Court concluded that garnishment proceedings in Illinois are

---

[2] This reading of the statute remains consistent with the Federal Trade Commission ("FTC") commentary to the Fair Debt Collection Practices Act. *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074-75 (7th Cir. 2011) (giving due deference to the FTC's commentary to the Fair Debt Collection Practices Act because the Commission administers the statute); *Pickens*, 165 F. Supp. 2d at 1381 (giving the FTC's commentary "considerable weight"). Specifically, the FTC has interpreted the Fair Debt Collection Practices Act to permit creditors to bring garnishment actions in venues other than the ones where the debtors live. The Commission stated: "If a judgment is obtained in a forum that satisfies the requirements of [Section 1692i(a)], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." 53 Fed. Reg. 50,097, 50,109 (1998). Numerous courts have credited the FTC's commentary when interpreting Section 1692i(a). *E.g.*, *Smith*, 714 F.3d at 76; *McDermott*, 2014 WL 6704544, at *7; *Schuback*, 2013 WL 432641, at *6 n.4; *Pickens*, 165 F. Supp. 2d at 1381.

viewed as between the creditor and garnishee and, therefore, not a "legal action on a debt against any consumer." *Id.* at *7-8.

Plaintiff relies on *Adkins*, 2012 WL 604249, in response. [13] at 3-4. In *Adkins*, however, the Court held that Section 1692i(a) applied to a garnishment action under Ohio law. 2012 WL 604249, at *4-6. Unlike Illinois law, Ohio law defines garnishment proceedings as being "against a judgment debtor" and not the garnishee. Ohio R.C. § 2716.03; *see Smith*, 714 F.3d at 77 n.4 (analyzing the Ohio statute); *Schuback*, 2013 WL 432641, at *5 (same). While the statute is not expressly cited in *Adkins*, the debtor and the Court relied on the particulars of Ohio garnishment law when distinguishing *Pickens*, a Georgia federal decision that found that Section 1692i(a) did not apply to garnishment actions brought under Georgia law. *Adkins*, 2012 WL 604249, at *3, 5-6.

Not surprisingly, other courts have distinguished *Adkins* based on the significant differences between the garnishment laws of Ohio and the other states at issue. *E.g.*, *Schuback*, 2013 WL 432641, at *5 (contrasting Ohio and New Jersey garnishment law and finding that New Jersey law does not characterize garnishment proceedings as against a judgment debtor); *Smith*, 714 F.3d at 75-77 (contrasting Ohio and Massachusetts garnishment law and finding that garnishment proceedings under Massachusetts law are against the garnishee and not against the debtor, even though Massachusetts law recognizes that the debtor has an interest in the garnishment proceeding). The Illinois wage deduction

scheme is likewise different from the Ohio scheme. *See* 735 ILCS 5/12-805; *see also Hageman*, 2014 WL 5320265, at *5; *McDermott*, 6704544, at *7-8.

The other cases relied upon by Plaintiff are also unavailing. [13] at 2-3, 5 (citing *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Smith v. Kramer & Frank, P.C.*, No. 09 C 802, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009); and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995)). The Ninth Circuit in *Fox* interpreted the phrase "legal action on a debt" and held that Section 1692i(a) encompasses garnishment proceedings. 15 F.3d at 1515. But *Fox* did not interpret the language at issue here—whether or not a garnishment action is "against any consumer"—which is why the case has been distinguished repeatedly. *E.g.*, *Smith*, 714 F.3d 76; *Hageman*, 2014 WL 5320265, at *4; *Pickens*, 165 F. Supp. 2d at 1381. The other case cited by Plaintiff, *Smith* and *Blakemore*, are inapplicable for this same reason. They too involved the interpretation of other language in Section 1692i(a).

Here, as required by Illinois law (735 ILCS 5/12-805), the First Municipal District entered the underlying default judgment and instituted a wage deduction action by issuing an Affidavit for Wage Deduction (which is part of the summons) to Plaintiff's employer. Compl. [1] ¶¶ 8, 28; *see Capital One Bank* Docket Sheet [1-1]. In light of the decisions in *Hageman*, *Henciek*, *Jackson* and *McDermott*, such a wage deduction action was not "any legal action on a debt against any consumer" and thus, it did not trigger the Fair Debt Collection Practices Act's venue requirements.

Adopting Plaintiff's reading of the Act, on the other hand, would undermine the Illinois wage deduction scheme itself—a strange result clearly not intended by Congress when it enacted the Fair Debt Collection Practices Act. *See Smith*, 714 F.3d at 77; *Hageman*, 2014 WL 5320265. *5. For example, if the Fair Debt Collection Practices Act barred the First Municipal District from issuing the summons to Plaintiff's employer, then no other court would possess the statutory authority to do so, because the initial debt collection proceedings and any subsequent wage deduction action are required to be brought in the same court. 735 ILCS 5/12-805; *see also* 735 ILCS 5/12-701 (same).

## IV. Conclusion

The amended motion to dismiss [10] is granted and this case is dismissed with prejudice.

Dated: March 18, 2015

Entered:

_____
John Robert Blakey
United States District Judge

8