## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JEANETTE ETRO

Plaintiff,

v.

BLITT AND GAINES, P.C.

Defendant.

1:14-cv-08924

Honorable John Robert Blakey

### NOTICE OF APPEAL TO THE COURT OF APPEALS FROM A JUDGMENT OR ORDER FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOTICE is hereby given that Plaintiff, ROBERT JACKSON, in the above named case, hereby appeals to the United States Court of Appeals for the Seventh Circuit from the Judgment entered on March 18, 2015 (Document No. 19) by the Honorable John Robert Blakey, Judge of the United States District Court for the Northern District of Illinois, Eastern Division.

Dated April 16, 2015

Respectfully submitted:

/s/Matthew Hector_____
Matthew Hector, ARDC #6283058

Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mhector@sulaimanlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served by operation of the court's electronic filing system, or in the alternative, via US Mail, this 16th day of April 2015, addressed to:

Michael L. Starzec
661 Glenn Avenue
Wheeling, Illinois 60090
mike@blittandgaines.com

/s/ Matthew H. Hector
Matthew H. Hector, ARDC No. 6283058
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff

Matthew H. Hector ARDC# 6283058
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Telephone:  (630) 575-8181
Main Fax:  (630) 575-8188
mhector@sulaimanlaw.com

# UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
### United States Courthouse
### 219 S. Dearborn Street
### Chicago, Illinois

## DOCKETING STATEMENT

**Caption of Case**                    **7CCA Docket No._____**

JEANETTE ETRO                              1:14-cv-08924

Plaintiff,

v.                                    Honorable John Robert Blakey

BLITT AND GAINES, P.C.

Defendant.

**Statute or other authority establishing jurisdiction in the:**

1. District Court: 15 U.S.C. §1692k; 28 U.S.C. §§1331, 1337, 1367;
2. Court of Appeals: 28 U.S.C. §1291

**Timeliness of Appeal:**

1. Date of entry of judgment or order appealed from:   March 18, 2015
2. Date this notice of appeal filed:                   April 16, 2015

**Is the order or judgment appealed from a final decision on the merits?** Yes.

**Based on your present knowledge:**

**Will this appeal involve a question of first impression?** Yes.

**If yes, please explain briefly:**

Whether an Illinois wage garnishment action is an action "against any consumer" under 15 U.S.C. §1692i(a)(2).

**Are any related cases or cases raising related issues pending in this Court, any district court of this circuit, or the Supreme Court?**

Yes. *Tolga Balik v. Blitt and Gaines, P.C.,* 1:14-cv-08702; *Wilbert Johnson v. Blitt and Gaines, P.C.* 1:14-cv-10009; *Georgina LeBrun v. Blitt and Gaines, P.C.*, 1:14-cv-10232; *Everton Henderson v. Blitt and Gaines, P.C.*,1:14-cv-10007; and *Sheila Edmondson v. Blitt and Gaines, P.C.*, 1:14-cv-10010. All of these matters are being handled by identical Plaintiff and Defense counsel. All of these matters have a pending motion to dismiss that is on all fours with the motion to dismiss filed in this matter.

There are also pending motions to dismiss in the following cases: *Radcliffe v. Russel G. Winick & Associates, P.C.*, 1:14-cv-08633; *McCauley v. Hunter*, 1:14-cv-08698; and *Wordlow v. Truemper Titiner & Brough, Limited*, 1:15-cv-00090.

Additionally, *Safornia Campbell v. Blatt Hasenmiller Liebsker & Moore LLC and Portfolio Recovery Associates, LLC*; and 1:14-cv-10003; *Edward Hayward v. Blatt Hasenmiller Liebsker & Moore LLC and Portfolio Recovery Associates, LLC*; 1:14-cv-09030. Defendants have answered the complaint in these cases and discovery is ongoing. A motion for judgment on the pleadings has been filed in *Hayward*.

Finally, there is an appeal on all fours with this case that is currently before the Seventh Circuit. *Robert Jackson v. Blitt and Gaines, P.C.*, 7CCA Docket No. 15-1573.

**State the nature of the suit, the relief sought, and the outcome below:**

This is an action brought under the Fair Debt Collection Practices Act for statutory damages and attorney's fees. The District Court granted Defendant's Rule 12(b)(6) motion to dismiss, without setting a briefing schedule, holding that, in Illinois, a wage garnishment action is not taken "against any consumer" and thus cannot violate 15 U.S.C. §1692i(a)(2).

**Issues to be raised on appeal.**

Whether the District Court erred in granting Defendant's Rule 12(b)(6) motion to dismiss.

Whether, under Illinois law, a wage garnishment action is an action taken "against any consumer" for purposes of 15 U.S.C. §1692i(a)(2).

**Is settlement being discussed?** No

**Is disposition on motions, memoranda, or abbreviated briefing schedule appropriate?** No

**Is oral argument necessary?** Yes

**Were there any in-court proceeding below?** Yes

**Is a transcript necessary for this appeal?** Yes

**List each adverse party to the appeal.**

Blitt and Gaines, P.C.
Michael L. Starzec
661 Glenn Avenue
Wheeling, Illinois 60090
mike@blittandgaines.com

**List names and addresses of appellants who filed this notice of appeal and appellant's counsel.**

Jeanette Etro, Plaintiff-Appellant
Attorney Matthew H. Hector
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Ph (630) 575-8181
Fax (630) 575-8188
mhector@sulaimanlaw.com

**Will you be handling this appeal?** Yes

Dated: April 16, 2015

Respectfully submitted:

  /s/Matthew Hector
Matthew Hector, ARDC #6283058

Sulaiman Law Group, Ltd.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mhector@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served by operation of the court's electronic filing system, or in the alternative, via US Mail, this 16th day of April 2015, addressed to:

Michael L. Starzec
661 Glenn Avenue
Wheeling, Illinois 60090
mike@blittandgaines.com

/s/ Matthew H. Hector
Matthew H. Hector, ARDC No. 6283058
SULAIMAN LAW GROUP, LTD.
Attorney for Plaintiff

Matthew H. Hector ARDC# 6283058
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Telephone:  (630) 575-8181
Main Fax:  (630) 575-8188
mhector@sulaimanlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Jeanette Etro

      Plaintiff,

v.            Case No.: 1:14–cv–08924

            Honorable John Robert Blakey

Blitt & Gaines, P.C.

      Defendant.

---

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, March 18, 2015:

   MINUTE entry before the Honorable John Robert Blakey: Per the accompanying Memorandum Opinion and Order, Defendant's amended motion to dismiss [10] is granted. The Complaint is dismissed with prejudice. Civil case terminated. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Jeanette Etro,

      Plaintiffs,

      v.

Blitt and Gaines, P.C.,

      Defendant.

Case No. 14 C 8924

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

This is an action for damages under the Fair Debt Collection Practices Act. Plaintiff Jeanette Etro alleges that Defendant Blitt and Gaines, P.C. (a law firm) violated the Act when, in the course of its legal representation of Capital One Bank, Defendant instituted a wage deduction action (a type of garnishment action) against Plaintiff's employer in a judicial district where Plaintiff did not live.

Defendant has filed an amended motion to dismiss [10], arguing that it satisfied the venue requirements of the Fair Debt Collection Practices Act. This Court agrees and grants the motion for the following reasons.

## I.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), this Court must construe the Complaint [1] in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in their favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true.

*Yeftich*, 722 F.3d at 915. Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.    Background

Plaintiff Jeanette Etro resides in Homewood, Illinois. Compl. [1] ¶ 13. Homewood falls within the jurisdiction of the Sixth Municipal District in Cook County. Compl. [1] ¶ 14.

On December 19, 2011, Capital One Bank, which was represented by Defendant Blitt and Gaines, P.C., sued Plaintiff in the First Municipal District in Cook County to collect certain debts. Compl. [1] ¶¶ 7-10. That case is captioned: *Capital One Bank v. Etro*, Case No. 2011 M1 179593. Compl. [1] ¶ 8; *see generally Capital One Bank* Docket Sheet [1-1].

The state court entered judgment against Plaintiff on May 10, 2012. *Capital One Bank* Docket Sheet [1-1]. Defendant, on Capitol One Bank's behalf, then instituted a wage deduction action against Plaintiff's employer to collect on the

judgment; and, on November 15, 2013, the First Judicial District issued an Affidavit for Wage Deduction.  Compl. [1] ¶¶ 23, 28; *Capital One Bank* Docket Sheet [1-1].

Plaintiff alleges that Defendant violated the venue provision of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692i(a), by bringing the wage deduction action in the First Judicial District and not in the Sixth Judicial District, where she resides.  That is the only claim pled in the Complaint.[1]

## III.   Analysis

The venue provision in the Fair Debt Collection Practices Act requires creditors to bring "any legal action on a debt against any consumer … in the judicial district or similar legal entity—(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i(a).

The dispute here is narrow: Does the phrase "any legal action on a debt against any consumer" apply to wage deduction actions brought under Illinois law, thereby triggering the Fair Debt Collection Practices Act's venue requirements? Defendant argues that the wage deduction action here was a legal action against Plaintiff's employer, and not Plaintiff who is the "consumer" under Section 1692i(a). Plaintiff responds that she is the real interested party in the wage deduction action

---

[1] While theoretically Plaintiff could have invoked the venue provision of the Fair Debt Collection Practices Act to challenge the location of the initial debt collection proceedings brought against her in 2011, she failed to do so.  Instead, Plaintiff filed a Complaint in November 2014 attacking the wage deduction only.  Compl. [1] ¶ 28. As such, any attempt to amend the current Complaint to add a new claim attacking the venue of initial debt collection would be fruitless in light of the Fair Debt Collection Practices Act's one-year statute of limitations.  15 U.S.C. § 1692k(d).

and therefore that action is brought against her within the meaning of Section 1692i(a).

### A.    Statutory Interpretation

This Court begins its analysis with the plain language of the Fair Debt Collection Practices Act. *See United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008). Clearly, a wage deduction action constitutes "any legal action" within the plain meaning of Section 1692i(a), but whether or not such an action is also "against any consumer" as stated in Section 1692i(a) must be determined by reference to the particularities of each state's garnishment scheme. *See, e.g.*, *Smith v. Solomon & Solomon, P.C.*, 714 F.3d 73, 75-77 (1st Cir. 2013); *Hageman v. Barton*, No. 13 C 2522, 2014 WL 5320265, at *4-5 (E.D. Mo. Oct. 17, 2014); *McDermott v. Barton*, No. 14 C 704, 2014 WL 6704544, at *7-8 (S.D. Ill. Nov. 26, 2014); *Schuback v. Law offices of Phillip S. Van Embden*, No. 12 C 320, 2013 WL 432641, at *5 (M.D. Pa. Feb. 1, 2013); *Adkins v. Weltman, Weinberg & Reis Co.*, No. 11 C 619, 2012 WL 604249, at *3 (S.D. Ohio Feb. 24, 2012); *Pickens v. Collection Services of Athens, Inc.*, 165 F. Supp. 2d 1376, 1380 (M.D. Ga. 2001), *aff'd by*, 273 F.3d 1121 (11th Cir. 2001). The Seventh Circuit has not yet addressed this issue.

### B.    Illinois Wage Deduction Scheme

The Illinois wage deduction scheme requires "the clerk of the court in which the judgment was entered [to] issue summons against the … employer." 735 ILCS 5/12-805; *see also* 735 ILCS 5/12-701 (similar provision for the Illinois garnishment statute). Because the summons is issued against the employer, courts in this

4

Circuit—including two Courts from this District—have found that that the Illinois garnishment and wage deduction schemes are not "legal action[s] on a debt against any consumer" under the Fair Debt Collection Practices Act.[2] *Henciek v. Law Office of Keith S. Shindler, Ltd.*, No. 14 C 7149 (N.D. Ill. March 3, 2015) (Wood, J.); *Jackson v. Blitt & Gaines, P.C.*, No. 14 C 8625 (N.D. Ill. Feb. 18, 2015) (Leinenweber, J.); *Hageman*, 2014 WL 5320265, at *5; *McDermott*, 2014 WL 6704544, at *7-8.

For example, in *Hageman*, the Court explained that the employer is served with and must answer interrogatories and any wage deduction judgment is entered against the employer, not the debtor. 2014 WL 5320265, at *5 (citing 735 ILCS 5/12-805). Likewise, the Court in *McDermott* collected Illinois appellate authorities dating back to 1896 establishing that garnishment proceedings in this state are against the garnishee (Plaintiff's employer)—not the debtor (Plaintiff). 2014 WL 6704544, at *7. The Court concluded that garnishment proceedings in Illinois are

---

[2] This reading of the statute remains consistent with the Federal Trade Commission ("FTC") commentary to the Fair Debt Collection Practices Act. *See Gulley v. Markoff & Krasny*, 664 F.3d 1073, 1074-75 (7th Cir. 2011) (giving due deference to the FTC's commentary to the Fair Debt Collection Practices Act because the Commission administers the statute); *Pickens*, 165 F. Supp. 2d at 1381 (giving the FTC's commentary "considerable weight"). Specifically, the FTC has interpreted the Fair Debt Collection Practices Act to permit creditors to bring garnishment actions in venues other than the ones where the debtors live. The Commission stated: "If a judgment is obtained in a forum that satisfies the requirements of [Section 1692i(a)], it may be enforced in another jurisdiction, because the consumer previously has had the opportunity to defend the original action in a convenient forum." 53 Fed. Reg. 50,097, 50,109 (1998). Numerous courts have credited the FTC's commentary when interpreting Section 1692i(a). *E.g.*, *Smith*, 714 F.3d at 76; *McDermott*, 2014 WL 6704544, at *7; *Schuback*, 2013 WL 432641, at *6 n.4; *Pickens*, 165 F. Supp. 2d at 1381.

viewed as between the creditor and garnishee and, therefore, not a "legal action on a debt against any consumer." *Id.* at *7-8.

Plaintiff relies on *Adkins*, 2012 WL 604249, in response. [13] at 3-4. In *Adkins*, however, the Court held that Section 1692i(a) applied to a garnishment action under Ohio law. 2012 WL 604249, at *4-6. Unlike Illinois law, Ohio law defines garnishment proceedings as being "against a judgment debtor" and not the garnishee. Ohio R.C. § 2716.03; *see Smith*, 714 F.3d at 77 n.4 (analyzing the Ohio statute); *Schuback*, 2013 WL 432641, at *5 (same). While the statute is not expressly cited in *Adkins*, the debtor and the Court relied on the particulars of Ohio garnishment law when distinguishing *Pickens*, a Georgia federal decision that found that Section 1692i(a) did not apply to garnishment actions brought under Georgia law. *Adkins*, 2012 WL 604249, at *3, 5-6.

Not surprisingly, other courts have distinguished *Adkins* based on the significant differences between the garnishment laws of Ohio and the other states at issue. *E.g.*, *Schuback*, 2013 WL 432641, at *5 (contrasting Ohio and New Jersey garnishment law and finding that New Jersey law does not characterize garnishment proceedings as against a judgment debtor); *Smith*, 714 F.3d at 75-77 (contrasting Ohio and Massachusetts garnishment law and finding that garnishment proceedings under Massachusetts law are against the garnishee and not against the debtor, even though Massachusetts law recognizes that the debtor has an interest in the garnishment proceeding). The Illinois wage deduction

scheme is likewise different from the Ohio scheme. *See* 735 ILCS 5/12-805; *see also Hageman*, 2014 WL 5320265, at *5; *McDermott*, 6704544, at *7-8.

The other cases relied upon by Plaintiff are also unavailing. [13] at 2-3, 5 (citing *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Smith v. Kramer & Frank, P.C.*, No. 09 C 802, 2009 WL 4725285 (E.D. Mo. Dec. 2, 2009); and *Blakemore v. Pekay*, 895 F. Supp. 972 (N.D. Ill. 1995)). The Ninth Circuit in *Fox* interpreted the phrase "legal action on a debt" and held that Section 1692i(a) encompasses garnishment proceedings. 15 F.3d at 1515. But *Fox* did not interpret the language at issue here—whether or not a garnishment action is "against any consumer"—which is why the case has been distinguished repeatedly. *E.g.*, *Smith*, 714 F.3d 76; *Hageman*, 2014 WL 5320265, at *4; *Pickens*, 165 F. Supp. 2d at 1381. The other case cited by Plaintiff, *Smith* and *Blakemore*, are inapplicable for this same reason. They too involved the interpretation of other language in Section 1692i(a).

Here, as required by Illinois law (735 ILCS 5/12-805), the First Municipal District entered the underlying default judgment and instituted a wage deduction action by issuing an Affidavit for Wage Deduction (which is part of the summons) to Plaintiff's employer. Compl. [1] ¶¶ 8, 28; *see Capital One Bank* Docket Sheet [1-1]. In light of the decisions in *Hageman*, *Henciek*, *Jackson* and *McDermott*, such a wage deduction action was not "any legal action on a debt against any consumer" and thus, it did not trigger the Fair Debt Collection Practices Act's venue requirements.

Adopting Plaintiff's reading of the Act, on the other hand, would undermine the Illinois wage deduction scheme itself—a strange result clearly not intended by Congress when it enacted the Fair Debt Collection Practices Act. *See Smith*, 714 F.3d at 77; *Hageman*, 2014 WL 5320265. *5. For example, if the Fair Debt Collection Practices Act barred the First Municipal District from issuing the summons to Plaintiff's employer, then no other court would possess the statutory authority to do so, because the initial debt collection proceedings and any subsequent wage deduction action are required to be brought in the same court. 735 ILCS 5/12-805; *see also* 735 ILCS 5/12-701 (same).

## IV.   Conclusion

The amended motion to dismiss [10] is granted and this case is dismissed with prejudice.

Dated: March 18, 2015

Entered:

_____
John Robert Blakey
United States District Judge

8

APPEAL,SCHENKIER,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:14-cv-08924
## Internal Use Only

Etro v. Blitt & Gaines, P.C.                          Date Filed: 11/06/2014
Assigned to: Honorable John Robert Blakey            Date Terminated: 03/18/2015
Cause: 15:1692 Fair Debt Collection Act              Jury Demand: Plaintiff
                                                     Nature of Suit: 480 Consumer Credit
                                                     Jurisdiction: Federal Question

**Plaintiff**

**Jeanette Etro**                    represented by    **Mohammed Omar Badwan**
                                                       Sulaiman Law Group, Ltd.
                                                       900 Jorie Boulevard, Suite 150
                                                       Oak Brook, IL 60523
                                                       630-575-8181
                                                       Fax: 630-575-8188
                                                       Email: mbadwan@sulaimanlaw.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Ahmad Tayseer Sulaiman , First**
                                                       Sulaiman Law Group, Ltd.
                                                       900 Jorie Boulevard
                                                       Suite 150
                                                       Oak Brook, IL 60523
                                                       (630) 575-8181
                                                       Email:
                                                       ahmad.sulaiman@sulaimanlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Daniel John McGarry**
                                                       Sulaiman Law Group, Ltd.
                                                       900 Jorie Boulevard
                                                       Suite 150
                                                       Oak Brook, IL 60523
                                                       630-575-8181
                                                       Fax: 630-575-8188
                                                       Email: dmcgarry@sulaimanlaw.com
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Matthew H. Hector**
                                                       Sulaiman Law Group, Ltd.
                                                       900 Jorie Boulevard
                                                       Suite 150

Oak Brook, IL 60523
(630) 575-8181
Email: mhector@sulaimanlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Blitt & Gaines, P.C.**                     represented by    **Michael L. Starzec**
Blitt and Gaines, P.C.
661 Glenn Avenue
Wheeling, IL 60090
(847)403-4900
Email: mike@blittandgaines.com
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/06/2014 | 1 | COMPLAINT *for Relief Pursuant to the Federal Fair Debt Collection Practices Act* filed by Jeanette Etro; Jury Demand. Filing fee $ 400, receipt number 0752-10039902. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Civil Cover Sheet Civil Action Cover Sheet)(Badwan, Mohammed) (Entered: 11/06/2014) |
| 11/06/2014 | 2 | ATTORNEY Appearance for Plaintiff Jeanette Etro by Mohammed Omar Badwan (Badwan, Mohammed) (Entered: 11/06/2014) |
| 11/06/2014 | 3 | ATTORNEY Appearance for Plaintiff Jeanette Etro by Ahmad Tayseer Sulaiman, First (Sulaiman, Ahmad) (Entered: 11/06/2014) |
| 11/06/2014 | 4 | ATTORNEY Appearance for Plaintiff Jeanette Etro by Daniel John McGarry (McGarry, Daniel) (Entered: 11/06/2014) |
| 11/06/2014 | 5 | ATTORNEY Appearance for Plaintiff Jeanette Etro by Matthew H. Hector (Hector, Matthew) (Entered: 11/06/2014) |
| 11/06/2014 | | CASE ASSIGNED to the Honorable John J. Tharp, Jr. Designated as Magistrate Judge the Honorable Sidney I. Schenkier. (nsf, ) (Entered: 11/07/2014) |
| 11/18/2014 | | SUMMONS Issued as to Defendant Blitt & Gaines, P.C. (pg, ) (Entered: 11/18/2014) |
| 11/26/2014 | 6 | SUMMONS Returned Executed by Jeanette Etro as to Blitt & Gaines, P.C. on 11/21/2014, answer due 12/12/2014. (Badwan, Mohammed) (Entered: 11/26/2014) |
| 12/12/2014 | 7 | ATTORNEY Appearance for Defendant Blitt & Gaines, P.C. by Michael L. Starzec (Attachments: # 1 Certificate of Service)(Starzec, Michael) (Entered: 12/12/2014) |
| 12/12/2014 | 8 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit, # 2 Certificate of Service)(Starzec, Michael) (Entered: 12/12/2014) |
| 12/12/2014 | 9 | NOTICE of Motion by Michael L. Starzec for presentment of Motion to Dismiss for Failure to State a Claim 8 before Honorable John J. Tharp Jr. on 1/6/2015 at 09:00 AM. (Attachments: # 1 Certificate of Service)(Starzec, Michael) (Entered: 12/12/2014) |
| 12/16/2014 | 10 | Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Attachments: # 1 Certificate of Service)(Starzec, Michael) (Entered: 12/16/2014) |
| 01/06/2015 | 11 | MINUTE entry before the Honorable John J. Tharp, Jr: Motion hearing held. Defendant's amended motion to dismiss 10 is taken under advisement. Plaintiff's response is due by 1/20/15; Defendant's reply is due by 1/27/15. Once the motion is fully briefed, the Court will set further dates as appropriate. Mailed notice (air, ) (Entered: 01/06/2015) |
| 01/15/2015 | 12 | EXECUTIVE COMMITTEE ORDER: It appearing that, pursuant to the Executive Committee Order entered on December 30, 2014, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable John Robert Blakey; therefore IT IS HEREBY ORDERED that the attached list of 306 cases be reassigned to the Honorable John Robert Blakey. IT IS FURTHER ORDERED that this order shall become effective on January 15, 2015. Case reassigned to the Honorable John Robert Blakey for all further proceedings. Signed by Executive Committee on 1/15/2015. Mailed notices.(ym, ) (Entered: 01/15/2015) |
| 01/20/2015 | 13 | RESPONSE by Jeanette Etro to Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 10 (Attachments: # 1 Notice of Filing Notice of Filing)(Hector, Matthew) (Entered: 01/20/2015) |
| 01/22/2015 | 14 | MINUTE entry before the Honorable John Robert Blakey: The following cases have been reassigned to form the initial calendar of the Honorable John Robert Blakey. Unless otherwise ordered by the court, all previously-set discovery and briefing schedules and deadlines remain intact, and all existing referrals to the assigned magistrate judge remain in place. All previously-set status and motion hearing dates are stricken. The court may, in due course, set the case for a reassignment status conference. The parties are directed not to file or notice any motions, with the exception of emergency motions, prior to appearing at the reassignment status conference. For all emergency motions arising prior to the date scheduled for the reassignment status conference, the parties are directed to contact chambers at (312) 435-6058, or Judge Blakey's courtroom deputy, Gloria Lewis, at (312) 818-6699.To assist the court with its review of the case, the parties are directed, within 10 calendar days of this orders entry, to confer and then prepare and file a joint Reassignment Status Report, not to exceed five pages. A template of the Reassignment Status Report is available on Judge Blakey's homepage at www.ilnd.uscourts.gov. Additional dates will be set in a future order, as needed. Mailed notice (np, ) (Entered: 01/22/2015) |
| 01/23/2015 | 15 | MINUTE entry before the Honorable John Robert Blakey:Minute order |

| | | |
|---|---|---|
| | | dated 1/22/2015 is corrected as follows: This case has been reassigned to form the initial calendar of the Honorable John Robert Blakey. Unless otherwise ordered by the court, all previously set discovery and briefing schedules and deadlines remain intact, and all existing referrals to the assigned magistrate judge remain in place. All previously set status hearing and motion hearing dates are stricken. To assist the court with its initial review of the case, the parties are directed, within 10 calendar days of this order's entry, to confer and then prepare and file a joint Reassignment Status Report, not to exceed five pages. A template of the Reassignment Status Report is available on Judge Blakey's homepage at www.ilnd.uscourts.gov. The parties are directed not to file or notice any motions, with the exception of emergency motions, prior to filing the joint Reassignment Status Report. For all emergency motions arising prior to the due date for the Reassignment Status Report, the parties are directed to contact chambers at (312) 435-6058, or Judge Blakey's courtroom deputy, Gloria Lewis, at (312) 818-6699. Additional dates will be set in a future order, as needed. Mailed notice (gel, ) (Entered: 01/23/2015) |
| 01/27/2015 | 16 | REPLY by Blitt & Gaines, P.C. to Amended MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM 10 , response to motion 13 (Attachments: # 1 Certificate of Service)(Starzec, Michael) (Entered: 01/27/2015) |
| 01/30/2015 | 17 | STATUS Report *Reassignment* by Jeanette Etro (Hector, Matthew) (Entered: 01/30/2015) |
| 03/18/2015 | 18 | MINUTE entry before the Honorable John Robert Blakey: Per the accompanying Memorandum Opinion and Order, Defendant's amended motion to dismiss 10 is granted. The Complaint is dismissed with prejudice. Civil case terminated. Mailed notice (gel, ) (Entered: 03/18/2015) |
| 03/18/2015 | 19 | MEMORANDUM Opinion and Order Signed by the Honorable John Robert Blakey on 3/18/2015. Mailed notice(gel, ) (Entered: 03/18/2015) |
| 04/16/2015 | 20 | NOTICE of appeal by Jeanette Etro regarding orders 19 Filing fee $ 505, receipt number 0752-10550258. (Hector, Matthew) (Entered: 04/16/2015) |
| 04/16/2015 | 21 | DOCKETING Statement by Jeanette Etro regarding notice of appeal 20 (Hector, Matthew) (Entered: 04/16/2015) |
| 04/17/2015 | 22 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 20 . (smm) (Entered: 04/17/2015) |